UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LORENZO COBEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00083-JMS-MJD |
| | ) | |
| J.E. KRUEGER Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for a Writ of Habeas Corpus**

Petitioner Lorenzo Coben brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Coben was convicted in the United States District Court for the Northern District of Indiana of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *United States v. Coben*, 3:13-cr-51-JD-MGG-2 (N.D. Ind. June 10, 2014). Coben contends in his habeas petition that his sentence was improperly enhanced pursuant to career offender provisions of the United States Sentencing Guidelines. Specifically, he argues that, under the United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his prior conviction for resisting law enforcement no longer constitutes a "crime of violence" to support the career offender sentence enhancement.

Rule 4 of the *Rules Governing Section 2254 Cases*, which applies to this § 2241 case under Rule 1(b), provides: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." That is the case here.

First, to proceed under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A section

2255 motion is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017). These requirements are not met here. Specifically, as noted, the petitioner relies on *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the United States Supreme Court held that the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (ACCA), is void for vagueness under the Due Process Clause of the United States Constitution. *Id.* at 2557. In other words, *Johnson* is a case of constitutional, not statutory, interpretation. *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015). It therefore fails the first requirement for obtaining relief under § 2241. Moreover, Coben initially presented the same claim he presents here – that his sentence is unconstitutional under *Johnson* – in his motion under 28 U.S.C. § 2255 filed in the court where he was convicted. *United States v. Coben*, 3:13-cr-51-JD-MGG, dkt. 163. While that motion was later amended, and the amended motion left out the challenge to his sentence under the Guidelines, Coben presents no argument that he could not have continued to pursue this claim in his § 2255 motion.

In addition, even if a § 2255 motion were "inadequate or ineffective to test the legality of his detention," Coben's § 2241 petition must still fail. As noted above, Coben's challenge in this case is based on the enhancement of his sentence under the career offender provisions of the Sentencing Guidelines. He argues that because the residual clause of the ACCA is unconstitutionally vague, it follows that the identical residual clause in the career offender provision of the Sentencing Guidelines is also unconstitutionally vague. The United States

Supreme Court, however, held otherwise in *Beckles v. United States,* 137 S.Ct. 886 (2017), concluding that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. In other words, the holding of *Johnson* does *not* apply to cases, like the petitioner's, challenging Guideline calculations.

For these reasons, Coben's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied** and this action is **dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 3/5/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LORENZO COBEN
 Unit F-1 Room #111
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808